1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10  BRUCE WAYNE MILLER,                    Case No. 1:14-cv-00661-DLB PC

11              Plaintiff,                 ORDER DISMISSING COMPLAINT WITH
                                           LEAVE TO AMEND FOR FAILURE TO
12         v.                              STATE A CLAIM

13  LUKE KOLL,
                                           THIRTY-DAY DEADLINE
14              Defendant.

15  _____/

16

17         Plaintiff Bruce Wayne Miller ("Plaintiff"), a civil detainee proceeding pro se and in forma

pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2014.  Plaintiff
18
names Luke Koll as the sole Defendant.
19
## A.    SCREENING STANDARD
20
         The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in
21
part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C.
22
§ 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing
23
that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
24
not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
25
conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937
26
(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and
27
courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572
28

1  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

2  allegations are accepted as true, legal conclusions are not.  <u>Iqbal</u>, 556 U.S. at 678.

3       Pro se litigants are entitled to have their pleadings liberally construed and to have any

4  doubt resolved in their favor, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121-23 (9th Cir. 2012); <u>Hebbe</u>

5  <u>v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to

6  survive screening, which requires sufficient factual detail to allow the Court to reasonably infer

7  that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678 (quotation

8  marks omitted); <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer

9  possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability

10  falls short of satisfying the plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted);

11  <u>Moss</u>, 572 F.3d at 969.

12  **B.**     **<u>ALLEGATIONS IN COMPLAINT</u>**

13       Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California,

14  where the events at issue occurred.

15       Plaintiff's complaint is brief.  He contends that on March 15, 2014, "Sci-tech" Luke Koll,

16  an employee at CSH, took his television, which was given to him as a Christmas gift from another

17  patient.  He states that Defendant stole the television on the P.M. shift.

18       For relief, Plaintiff requests reimbursement for the cost of the television and punitive

19  damages.

20  **C.**     **<u>DISCUSSION</u>**

21       Plaintiff does not state the constitutional basis for his claim.

22       As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded

23  pretrial detainees or convicted criminals.  <u>Jones v. Blanas</u>, 393 F.3d 918, 931-32 (9th Cir. 2004).

24  Plaintiff's right to constitutionally adequate conditions of confinement is protected by the

25  substantive component of the Due Process Clause.  <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315, 102

26  S.Ct. 2452 (1982).

27

28

1     A determination whether Plaintiff's rights were violated requires "balancing of his liberty

2 interests against the relevant state interests." Youngberg, 457 U.S. at 321.  Plaintiff is "entitled to

3 more considerate treatment and conditions of confinement than criminals whose conditions of

4 confinement are designed to punish," but the Constitution requires only that courts ensure that

5 professional judgment was exercised.  Youngberg, 457 U.S. at 321-22.  A "decision, if made by a

6 professional, is presumptively valid; liability may be imposed only when the decision by the

7 professional is such a substantial departure from accepted professional judgment, practice, or

8 standards as to demonstrate that the person responsible actually did not base the decision on such a

9 judgment."  Id. at 322-23.  The professional judgment standard is an objective standard and it

10 equates "to that required in ordinary tort cases for a finding of conscious indifference amounting

11 to gross negligence."  Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020,

12 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks

13 omitted).

14     Here, it appears that Plaintiff contends that Defendant Koll wrongfully confiscated his

15 television.  Civil detainees have a protected interest in their personal property.  Hansen v. May,

16 502 F.2d 728, 730 (9th Cir.1974).  Where the state authorizes the deprivation of property by a

17 policy or procedure, it is actionable under the Due Process Clause.  Logan v. Zimmerman Brush

18 Co., 455 U.S. 422, 433, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); Hudson v. Palmer, 468 U.S. 517,

19 532, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).  However, deprivation of property caused by a

20 negligent or random, unauthorized act of a state employee does not violate "the procedural

21 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post

22 deprivation remedy for the loss is available."  Id. at 533.

23     Plaintiff has an adequate post-deprivation remedy under California law and therefore, he

24 may not pursue a due process claim arising out of the unlawful confiscation of his personal

25 property.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

26     Plaintiff's use of the word "stole" suggests that his allegations involve an *unauthorized*

27 deprivation of property for which there is no claim under the Due Process Clause.  However,

28 because Plaintiff's allegations are sparse, the Court is not certain will permit Plaintiff to amend his

complaint.  In amending, Plaintiff must allege facts showing an intentional and authorized deprivation of his property not serving a valid prison purpose.  Plaintiff must explain what, if any, reason and/or authority was given by Defendant for the confiscation, and whether Defendant claimed that the confiscation was authorized.

Accordingly, Plaintiff's complaint fails to state a claim for which relief may be granted.

**C.   CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

4

4.     <u>Failure to file an amended complaint may result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **October 17, 2014**                        /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE